# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MOONGATE WATER CO., INC.,
a New Mexico Public Utility,

       Plaintiff,

    vs.                            No. CIV 00-0063 JC/LCS

BUTTERFIELD PARK MUTUAL DOMESTIC
WATER ASSOCIATION, a/k/a BUTTERFIELD PARK
MUTUAL DOMESTIC WATER CONSUMERS AND
MUTUAL SEWAGE WORKS ASSOCIATION,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion to Dismiss Defendant Butterfield's Claim for Statutory Attorneys' Fees and Damages, filed December 4, 2000 *(Doc. 34)* and Defendant's Motion for Summary Judgment as to Damages, filed December 18, 2000 *(Doc. 38)*.

## I.    Background

This case involves a dispute between two water service providers regarding the rights to serve Francis Hutson and other residents of the Butterfield Park area.  A dispute arose as to whether Moongate is permitted to sell water to customers within the Butterfield service area under 7 U.S.C. § 1926.  Moongate brought suit seeking a declaratory judgment that Butterfield was not entitled to the protections afforded by 7 U.S.C. § 1926(b) in regard to water service for Ms. Hutson and other customers whom Moongate sought to service.  Conversely, Butterfield argued that it was entitled to protection under the act from present and future competition.

This court granted Defendant Butterfield's Partial Summary Judgment, filed April 5, 2000 (Doc. 21). *See* Memorandum Opinion and Order, filed October 25, 2000 *(Doc. 31)*. The court declared Moongate's sale of water within the Butterfield service area to be in violation of §1926(b) and ordered Moongate to terminate water sales to 9165 Berry Patch Lane. *See id.* The court also directed Moongate to refrain from further encroachment upon Butterfield's service area. *See id.* Finally, the court reserved the issues of damages, attorneys' fees and costs for a later date. Consequently, now before the court are the parties' motions to determine the appropriate award of damages, attorneys' fees and costs.

## II.    Analysis

In the United States, absent statute or contract, the prevailing party is ordinarily not entitled to attorneys' fees from the loser. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247(1975); *see also Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1237 (10th Cir. 1999). 42 U.S.C. § 1988(b) allows for an award of attorneys fees to the prevailing party in an action to enforce 42 U.S.C. §1983. While Moongate's initial suit was not brought pursuant to § 1983, actions for violations of 1926(b) may be properly brought under § 1983. *See Rural Water District No. 1 v. City of Wilson, Kansas*, 243 F.3d 1263, 1275 (10th Cir. 2001). Butterfield specifically cited §1983 in its counterclaim. Because the court determined that Butterfield was the proper water service provider for Ms. Hutson, Butterfield seeks attorneys' fees under 42 U.S.C.§ 1988.

Moongate argues that as a private entity, and not a state actor, it is unamenable to liability under § 1983. *See* Memorandum in Support of Motion to Dismiss Butterfield's Claim for Statutory Attorneys' Fees and Damages at 2, filed December 4, 2000 *(Doc. 35)*. Presumably, Moongate argues that although Butterfield cited to § 1983 in its Counterclaim, the court based it opinion on

2

another means of relief.  True, § 1983 does not necessarily provide the exclusive vehicle for enforcing rights under § 1926(b).  In fact, under the Declaratory Judgment Act, a service provider may obtain not only the declaratory relief it seeks, but also such "further" relief as is "necessary and appropriate." *See* 28 U.S.C. §§ 2201(a), 2202.  Thus, at least one court has stated that because § 1983 is not the only vehicle for enforcement of § 1926(b), the plaintiff properly asserted two different claims founded on alleged violations of § 1926(b).  *See Rural Water System No. 1 v. City of Sioux Center, Iowa*, 967 F. Supp. 1483, 1507 (N. D. Iowa 1997).  This court's memorandum opinion and order granting summary judgment in favor of Butterfield did not state under which method of enforcement its decision was based.  Therefore, in order for the court to determine whether Butterfield is entitled to attorneys' fees pursuant to §1988, the court must first pronounce whether Butterfield prevailed under §1983.

The essential elements of any § 1983 action are proof of conduct committed under color of state law and a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *See Parratt v. Taylor*, 451 U.S. 527, 535, (1981).  Because the court has previously held that Moongate violated § 1926(b), the question remains whether Moongate was acting under color of state law.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."   *West v. Atkins*, 487 U.S. 42, 49 (1988)(quotations omitted).  There are numerous tests used to determine whether a private entity is acting under color of state law and is thus subject to § 1983 liability. *See Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1447 (10th Cir.1995)(describing the nexus text, the symbiotic

relationship test, the joint action test, and the public functions test). The individual tests will apply with more or less force depending on the factual circumstances of each case, and if any one of the tests indicates a party is a state actor, that alone is sufficient to find the party a state actor. *See Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 596 (10th Cir. 1999).

Moongate is a New Mexico corporation incorporated under the Waterworks Act. *See* NMSA 1978 § 62-1-1. et. seq. Moongate's powers, including the power of condemnation, are derived by state statute which grants it the authority to sell water to the public. Though a private water company, Moongate holds itself out as engaged in the business of supplying water to the public, as opposed to an individualized group of people, such as itself or its own tenants or employees. Accordingly, Moongate is a public utility by virtue of its status as a private company which provides essential public services to the general public. Alone, the provision of essential public services does not necessarily comprise an action taken under the color of state law. However, Moongate is heavily regulated by the New Mexico PRC. Significantly, the PRC grants or denies permission to Moongate to extend its services to certain areas. Here, the PRC granted permission, albeit informal, for Moongate to extend service to Ms. Hutson. It is inconceivable that Moongate would have asked for permission, then acted if permission had been denied. Thus, it is rational to conclude that but for the influence and direction of the overseeing state agency, Moongate would not have violated § 1926(b) by providing service to Ms. Hutson. Therefore, the court finds that there is "a sufficiently close nexus" between the government and the challenged conduct such that the conduct "may be fairly treated as that of the State itself." *Gallagher*, 49 F.3d at 1447. Thus, Moongate's actions in providing service to Ms. Hutson were taken under color of state law.

In the event that the court found Moongate to be a state actor, Moongate also endeavored to request that the court exercise its discretion and deny Butterfield's claim for statutory attorneys' fees. *See e.g. V-1 Oil Co. v. Wyoming, Dep't of Environmental Quality*, 902 F.2d 1482, 1489 (10th Cir.1990)(even under a statute clearly authorizing attorneys' fees, such as 42 U.S.C. § 1988, the decision to award such fees is committed to the district court's discretion). In support of its argument, Moongate states that it relied on the guidance of the PRC and acted in good faith to provide Ms. Hutson with the water service she desperately needed.

The court has reviewed the many letters submitted by Ms. Hutson to the court and other state representatives emphasizing her disabilities and special needs with regard to water service. Ms. Hutson is an elderly woman with serious health problems which also limit her mobility. Thus, the court is cognizant of the delicate nature of the parties' positions. On one hand, Butterfield holds exclusive rights to provide water service to Ms. Hutson. On the other hand, Moongate provided a critical service when Butterfield terminated service to Ms. Hutson's property. Nevertheless, the court's discretion is limited. *See Robinson v. City of Edmond,*160 F.3d 1275, 1280 (10th Cir.1998). Only in special circumstances may a court decline to award attorneys' fees to a prevailing plaintiff in a § 1983 action. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983)(approving adjustments on the basis of either the exceptional or limited nature of the relief obtained by the prevailing party). In any fee request under § 1988(b), a claimant must prove two elements:(1) that the claimant was the "prevailing party" in the proceeding; and (2) that the claimant's fee request is "reasonable." *See id.*, 461 U.S. at 433. In this case, the court found in favor of Butterfield on the essential matters in dispute on its §1983 claim. At this time, the court finds that Moongate's stated intentions do not constitute sufficient circumstances to warrant the absolute elimination of an award of attorneys' fees. Thus, the

5

only question remaining is whether Butterfield's fee request is "reasonable."  The determination of the reasonableness of Butterfield's attorneys' fees will necessarily be made upon their submission to the court.

The court stresses, however, that a request for attorneys' fees should not result in additional major litigation. Ideally, of course, the litigants will settle the amount of a fee.  Accordingly, in light of this opinion, the court encourages the parties to resolve the issue of attorneys' fees without unnecessary conflict.

Finally, the parties agreed by letter, and Moongate concedes, that the damages award in this case amounts to $160.00.  *See* Letter from Leonard Piazza, attached as Exhibit 6 to Defendant Butterfield's Motion for Summary Judgment as to Damages, filed December 18, 2000 *(Doc.38);* Memorandum in Support of Motion to Dismiss Butterfield's Claim for Statutory Attorneys' Fees and Damages at 7, filed December 4, 2000 *(Doc. 35).*[1]  Accordingly, a judgment in favor of Defendant Butterfield will be awarded in that amount.

---

[1]Moongate appears to take contradictory positions regarding the award of the $160.00. First, Moongate moved to Dismiss Butterfield's Claim for Statutory Attorneys' Fee and Damages. *See* Motion, filed December 4, 2000 *(Doc. 34).*  Yet, Moongate's Memorandum in Support of the Motion requested that the court enter a stipulated judgment on Butterfield's claim for compensatory damages in the amount of $160.00, essentially abandoning the motion to dismiss damages. *See* Memorandum in Support of Motion at 7 *(Doc. 35).*

Defendant Moongate then reasserted its objection to damages, arguing that an award of $160.00 is improper because Moongate is not a state actor liable for §1983 penalties.  *See* Moongate Water Company's Opposition to Motion for Summary Judgment, filed December 18 *(Doc. 40).*

Butterfield prevailed on its claim for damages resulting from Moongate's violations of §1926(b). Clearly, the parties agree that the damage award amounts to $160.00.  Accordingly, Moongate's irreconcilable positions are resolved in favor of the Defendant.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendant Butterfield's

Claim for Statutory Attorneys' Fees and Damages, filed December 4, 2000 *(Doc.34)* is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment as to

Damages, filed December 18, 2000 *(Doc.38)* is granted in the amount of $160.00.

DATED April 24, 2001.

 

 

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

        Leonard J. Piazza, Esq.
        Las Cruces, New Mexico

        Kyle W. Gesswein, Esq.
        Las Cruces, New Mexico

Counsel for Defendants:

        Matthew P. Holt, Esq.
        Holt & Babington, P.C.
        Las Cruces, New Mexico

        Steven M. Harris, Esq.
        Michael D. Harris, Esq.
        Doyle & Harris
        Tulsa, Oklahoma