# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MOONGATE WATER CO., INC.,
a New Mexico Public Utility,

      Plaintiff,

vs.                                             No. CIV 00-63 JC/LCS

BUTTERFIELD PARK MUTUAL
DOMESTIC WATER ASSOCIATION,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before me on Defendant's Motion and Brief for Attorneys' Fees *(Doc. #54)*, filed May 31, 2001. In my Memorandum Opinion and Order of October 25, 2000 (*Doc. 31*), I ordered Moongate Water Company, Inc. to terminate water sales to 9165 Berry Patch Lane. Then in my Memorandum Opinion and Order of April 24, 2001 (*Doc. #54)*, I awarded Butterfield $160.00. For a more thorough discussion of the facts of this case, please see those two opinions.

As best I can discern, Butterfield terminated water and sewer to that property owned by a Mrs. Hutson, as she refused to sign a right-of-way agreement. However, Butterfield had supplied water to that property for at least ten years, and I would presume that the previous owner had executed a right-of-way agreement. Mrs. Hutson apparently has many physical ailments, and Butterfield, for reasons best known to management, terminated her water and sewer service in late summer 1999.

Moongate then contacted the New Mexico Public Regulation Commission, and by letter of September 27, 1999, Moongate received an apparent approval to supply Mrs. Hutson with her water

needs. Butterfield challenged that approval, and this lawsuit by Moongate resulted. Two things have occurred as a result of the lawsuit: 1) Butterfield recovered $160.00, and 2) Moongate is prohibited from servicing the area under Butterfield's exclusive control.

I found in my Opinion of April 24, 2001, that Moongate was a state actor and, therefore, Butterfield's claim against Moongate properly fits under the ambit of 42 U.S.C.§ 1983. The more I review that decision, the less comfortable I am with the outcome, as I do not believe that a dispute between two water companies was ever meant to fall under the aegis of §1983. Be that as it may, I will somewhat reluctantly abide by that decision.

Butterfield is now asking for approximately $50,000 in attorneys' fees based on being the successful party in a $160.00 lawsuit. I have spent many, many hours working on this case and researching the law. Moongate, in essence, was a good samaritan when it provided Mrs. Hutson with water service after a very questionable termination of that service by Butterfield. Unfortunately, I have forgotten a great deal of real estate law during my 15 years on the bench, but if the previous owners of Mrs. Hutson's property had given Butterfield an easement, I assume that it passed with the land, and an additional easement from her was unnecessary.

In awarding attorneys' fees in this case, I am guided by Justice O'Connor's concurring opinion in *Farrar v. Hobby*, 506 U.S. 103, 121-22 (1992) (O'Connor, J. concurring). In that case the defendant demanded $17,000,000 from six defendants and recovered $1.00 from one defendant. Justice O'Connor gave three relevant indicia of success: 1) the extent of relief, 2) the significance of the legal issue on which the plaintiff prevailed, and 3) the accomplishment of a public purpose. *See Farrar*, 506 U.S. at 578. In this case, the counterclaimaint prevailed, yet with this ruling no public purpose was served beyond benefitting Mrs. Hutson. As such, Butterfield's prevailing party

status is not sufficient for an award of approximately $50,000 in attorneys' fees. Therefore, Butterfield's Motion for An Award of Attorneys' Fees (*Doc. #54*) is, hereby, DENIED.

DATED March 11, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    William A. Walker, Jr., Esq.
    Las Cruces, New Mexico

Attorneys for Defendants:

    Matthew P. Holt, Esq.
    HOLT & BABINGTON
    Las Cruces, New Mexico

    Steven M. Harris, Esq.
    Michael D. Davis, Esq.
    DOYLE & HARRIS
    Tulsa, Oklahoma